## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DAVID A. GABALDON,

      Plaintiff,

v.                                                                No. 16cv864 KG/SMV

BARBARA GABALDON,

      Defendant.

### AMENDED MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 27, 2016 ("Application") and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 27, 2016 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).   "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).   While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."   *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.   Although Plaintiff states that his average monthly income during the past 12 months was $4,000.00, it appears that he misunderstood the instructions on the Application and entered his total income during the past 12 months, which averages $333.33 per month, because his Complaint indicates he is homeless and unemployed.   Plaintiff reports his monthly expenses average $350.00.   Because he is unemployed and his monthly expenses exceed his monthly income, the Court finds that Plaintiff is unable to prepay the fees to initiate this action.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."   *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges that he was arrested on October 31, 2013, stayed in jail for 3.5 months and "was on pretrial for 2 months afterward." Complaint at 7. On April 4, 2014, the sole defendant in this case, Barbara Gabaldon, showed up for Plaintiff's trial, but left the court room apparently without testifying. The district attorney then moved for dismissal of the case "due to lack of witness." Plaintiff seeks:

> judgment against the Respondents as Follows: For every day being in custody the dollar amount will be $2500 per day. Then for every day being on pretrial the dollar amount will be $1200 per day. Due to the heartache of all my lost with vehicle and personal item, harsh time. Living in place that was not normal. The Total amount will $300,000.00 to cover all issue.

[sic] Complaint at 7.

The Court will dismiss the Complaint without prejudice for failure to state a claim. Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" to initiate this

action.   Section 1983 only authorizes suits against persons acting under color of state law.  *See*

*McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil

remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by

any person acting under color of state law").   Plaintiff states that Defendant Gabaldon was not

acting under color of state law at the time the claims alleged in the Complaint arose.  *See*

Complaint at 1.   Furthermore, Plaintiff fails to state with any particularity what Defendant

Gabaldon did to Plaintiff, when she committed these alleged unspecified actions, or how those

actions harmed Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County*

*Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a

complaint must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated.").   The only allegations in the Complaint regarding Defendant Gabaldon's

actions are that she showed up for trial and left the court room.   *See* Complaint at 7.

Plaintiff shall have 21 days from entry of this Order to file an amended complaint.   Failure

to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and

perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides

that:

> At the plaintiff's request, the court may order that service be made by a United
> States marshal or deputy marshal or by a person specially appointed by the court.
> The court must so order if the plaintiff is authorized to proceed in forma pauperis
> under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. Plaintiff's Complaint is deficient because Plaintiff has not included the address of the Defendant, which is required to serve process. The Court will order service if Plaintiff timely files an amended complaint which states a claim, and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 27, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 27, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**

5